WILLIAM E. GRAY, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Indictment—a caption is not a part of it—what objections to it cannot be raised after a conviction, on a motion in arrest of judgment.*

The objection that an indictment has no caption, or that it does not show in what court it was presented or found, cannot be raised after a conviction by a motion in arrest of judgment.

WRIT OF ERROR to the Court of Oyer and Terminer of the city and county of New York, to review the conviction of the plaintiff in error of the crime of forgery.

*F. J. Dupignac*, for plaintiff in error.

*B. K. Phelps*, district attorney, for defendant in error.

INGALLS, J.:

The plaintiff in error was tried and convicted in the Court of Oyer and Terminer for the crime of forgery, on the 22d day of May, 1879, and sentenced to imprisonment in the State prison for the term of ten years. The indictment was found in the Court of General Sessions of the Peace, held in and for the city and county of New York, in December, 1869 ; and the prisoner was arraigned in that court, and interposed to the indictment a plea of not guilty. The indictment was sent to the Court of Oyer and Terminer for trial, and after conviction the prisoner moved in arrest of judgment upon two grounds :

1st. That the indictment did not show in what court it was presented or found, or that it was presented or found in any court having criminal jurisdiction or jurisdiction of the offense sought to be charged.

2d. That the indictment failed to charge any offense in that it did not describe or characterize the instrument or instruments forged and uttered. The motion was denied, and the same grounds are urged in this court for a reversal of the judgment. We are convinced that the plaintiff in error has failed to present a case which would justify such reversal. The omission to state in an indictment the court in which it is found, is not fatal, especially so when the objection is not taken until after conviction. Such statement is usually contained in what is denominated the caption, which really constitutes no part of the indictment, and when the trial is had in the court at which the indictment is found and presented, no caption is required. But when the indictment is sent to a superior court, the clerk of the court attaches a caption which contains the name of the court where the indictment was found, and other facts attending the finding of the indictment. In

1 Wharton's Criminal Law, § 219, the author says : " The caption is no part of the indictment ; *its office is to state the style of the court,* the time and place of its meeting, the time and place where the indictment was found." Again, in section 220 : " It forms no part of the indictment, and therefore it was *no ground for arresting judgment,* that the indictment does not show, in its caption, that it was taken in the State ; for it is said while it stood on the records of the court below, it appeared to be an indictment of that court, and when sent to the Supreme Court, the caption of the record of which it is a part officially certified, renders it sufficiently certain. If wholly omitted, in the court below, it is said the indictment may nevertheless be sufficient, as the minute of the clerk upon the bill at the time of the presentment, and the general records of the term, will supply any defect in such preface." In 1 Bishop on Criminal Procedure, § 150 (2 ed., § 661), will be found the following : " The reader therefore perceives, that in England and in those states in which the English practice is followed, the caption is not in any sense a part of the indictment ; but on the other hand it is a part of the record, and *it may be amended to the same extent as the record in any other place.*" 1 Archbold Criminal Practice and Pleading, p. 76, contains an assertion of the same doctrine. In 2 Colby's Criminal Law, p. 111, the author says : " It is not usually the practice in this State to attach any caption to the indictment at the time of its finding and presentment ; but when an inferior court, in obedience to a writ of certiorari or of error, transmits the indictment to the superior tribunal, it is accompanied with a full history of the proceedings, describing the court *before which the indictment was found,* the jurors by whom it was found, and the time and place when it was found." Again, at page 112, the author continues : " While the indictment remains in the Court of Sessions *a caption is not necessary ;* when it is removed a caption must be affixed, and it is the clerk's duty to affix it, and this whether an entry of the finding be entered in the minutes or not." (See also *People* v. *Jewett,* 3 Wend., 314 ; *People* v. *Myers,* 2 Hun, 6 ; Barb. Criminal Law, 280.) As we have seen, the caption being strictly no part of the indictment, but a part of the record of the proceedings to be supplied by the clerk

in case the indictment is sent to a superior court, any defect in such caption may be amended at any stage of the proceedings. (1 Archbold Criminal Practice and Pleading, p. 78, note 1.) "But though the caption, like the indictment itself, may, if defective, be either quashed by the court or demurred to on the part of the defendant, it differs materially from it, in its capacity of amendment; for the return to the court is merely *a ministerial act, and ministerial acts may be amended at any time according to the common law.*" This is supported by a reference to Falkner's case, 1 Saunders, 249, and in a note to that case the subject of amendment is very fully discussed. (See also page 99, where the same subject is further discussed by the author.)

Referring to the case at bar, we discover that the return to this court, which is certified by the clerk, contains a complete record including the following:

" The answer of the judges of the Court of Oyer and Terminer, held in and for the city and county of New York.

" A transcript of the indictment and judgment of the court, together with all things touching or in anywise concerning the same.

" We certify under seal of our said court, to the justices of the Supreme Court within mentioned, in a certain schedule to this writ annexed, as within it is commanded.

[L. S.]                                    " By the Court.

                                           JOHN SPARKS,
                                                *Clerk.*

" STATE OF NEW YORK,   }
*City and County of New York.* }  *ss. :*

" Be it remembered, that at a Court of General Sessions of the peace, holden at the City Hall of the city of New York, in and for the city and county of New York, on the first Monday of December, in the year of our Lord one thousand eight hundred and sixty-nine, before John K. Hackett, Esq., recorder of the said city of New York, justice of the said court, assigned to keep the peace of the said city and county of New York, and to inquire, by

the oaths of good and lawful men of the said county, of all crimes and misdemeanors committed, or triable in the said county, to hear, determine, and punish according to law, all crimes and misdemeanors in the said city and county done and committed.

"By the oath of WILLIAM K. MEAD, *Foreman.*"

Then follow the names of the other members of the grand jury by which the indictment was found, and the history of the entire proceedings embracing the conviction and sentence, and containing a copy of the indictment. So we perceive that in this court a perfect record is furnished under the certificate of the clerk which shows in what court the indictment was found. We cannot doubt but that this court, if it were necessary, would have authority to order the record amended, by directing the clerk of the Court of Sessions to attach a proper caption to the indictment. There is, however, no necessity for it, as in any event the defect could only be regarded as a matter of form, which in no possible way can prejudice the rights of the prisoner. And hence the defect would be cured by the provision of the Revised Statutes, vol. 2, page 728, § 52, 1 ed., which is as follows: "No indictment shall be deemed invalid; nor shall the trial, judgment, or other proceedings thereon be affected: . . . 4 By reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant." It is, in our judgment, too late for the prisoner successfully to raise such a question after conviction, by a motion in arrest of judgment. We have examined the case, *People* v. *Bennett* (37 N. Y., 117), which is relied upon by the counsel for the prisoner. And we do not understand that case as deciding upon this question, anything further, than that the indictment in that case, was not obnoxious to even the attempted criticism, because on its face it recited the court in which the indictment was found. The discussion of the question, in the opinions expressed, does not seem to favor the views contended for by the plaintiff in error in this case.

It is further contended that the indictment does not sufficiently describe the instruments claimed to have been forged. The real point of the objection seems to be that the pleader should have given

a name to the instruments claimed to have been forged, instead of calling the court to determine their character and legal effect, from an inspection thereof, as fully set out in the indictment. We cannot doubt but that the indictment is sufficient in this particular, and to hold otherwise would seem to accord to the merest technicality a potency unsustained by reason, and, we think, unsupported by the current of authority. This objection should not prevail if raised by demurrer, much less when asserted in arrest of judgment. (*People* v. *Clements*, 26 N. Y., 193; *People* v. *Rynders*, 12 Wend., 426.)

We conclude that the conviction should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.